UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LOREN PAUL KING, and ) | |
| STEPHANIE MAY KING, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:22 CV 65 |
| ) | |
| KINSEY'S ARCHERY PRODUCTS, ) | |
| INC. d/b/a OCTOBER MOUNTAIN ) | |
| PRODUCTS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

Before the court is a lawsuit between plaintiffs Loren Paul King and Stephanie May King against, amongst other defendants, a supply chain management company called Sertus LLC. (DE # 16.) According to plaintiffs, Sertus LLC was involved in the design, manufacture, and/or importation of a defective bow scale that caused serious injury to Loren Paul King's eye. (*Id.*) Defendant has moved to dismiss the case against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because it has no contacts with the State of Indiana. (DE # 38.) Plaintiffs oppose the motion to dismiss and request jurisdictional discovery. (DE # 42.)

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. After a defendant moves to dismiss under Rule 12(b)(2), "the plaintiff[s] bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). Where, as here, the district court rules on a defendant's motion to dismiss based on the

submission of written materials without holding an evidentiary hearing, the plaintiffs need only make out a prima facie case of personal jurisdiction. *Id.* The court must resolve factual disputes in the plaintiffs' favor when evaluating whether that showing has been made. *Id.* A court may permit jurisdictional discovery when plaintiffs present a "colorable or prima facie" case of jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000).

A federal court's personal jurisdiction over a defendant is established in a diversity jurisdiction case, such as this one, when the defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located—here, Indiana. Fed. R. Civ. P. 4(k)(1)(A). Indiana law permits its courts to exercise jurisdiction on any basis permitted by the Constitution of the United States. Ind. Tr. R. 4.4(A). Thus, the statutory question merges with the constitutional one; if Indiana constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will also enable it to do so. *uBid, Inc. v. GoDaddy Group, Inc.,* 623 F.3d 421, 425 (7th Cir. 2010).

The federal constitutional limits of a court's personal jurisdiction in a diversity case are found in the Fourteenth Amendment's due process clause, which "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 464, 471-72 (1985) (quoting *Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement,* 326 U.S. 310, 319 (1945)). "The nature of the

defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope—that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the case." *Tamburo v. Dworkin,* 601 F.3d 693, 701 (7th Cir. 2010). These two types of jurisdiction – general and specific – require separate examination.

To support an exercise of specific personal jurisdiction, the defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe,* 326 U.S. at 316 (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). There must be some showing that the defendant purposefully availed itself of the privilege of conducting activities within the forum state; this "purposeful availment" requirement ensures that a defendant's amenability to jurisdiction is not based on "random, fortuitous, or attenuated contacts," *Burger King,* 471 U.S. at 475, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue. *Purdue,* 338 F.3d at 780. Further, the court must focus on the factor of "foreseeability," or whether the defendant could have anticipated being haled into the courts of the state with respect to the matter at issue. *Id.* In the specific jurisdiction context, the defendant's contacts with the forum state must "directly relate to the challenged conduct or transaction." *Tamburo,* 601 F.3d at 702.

General jurisdiction, on the other hand, allows a defendant to be sued in the forum regardless of the subject matter of the litigation. *Purdue,* 338 F.3d at 787. "[T]he constitutional requirement for general jurisdiction is 'considerably more stringent' than

3

that required for specific jurisdiction." *Id.* (quoting *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001)). "General jurisdiction is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984)). Such contacts must be so extensive as to be tantamount to the defendant being constructively present in a state to such a degree that it would be "fundamentally fair to require it to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* (emphasis in original).

In this case, the court need go no further than specific jurisdiction – that is, jurisdiction based on minimum contacts. According to plaintiffs' version of the facts, which we accept as true for purposes of this motion, defendant designed, helped manufacture, and/or imported a bow scale that is identical to (and might in fact be the same product as) a bow scale that is for sale at an Indiana retailer named 3Rivers. (DE # 42 at 9.) If plaintiffs' allegations prove true, defendant may have sufficient minimum contacts with Indiana to meet the constitutional standard. Because these facts are relevant to, and possibly dispositive of, the issue of specific jurisdiction as to defendant, and because plaintiffs have made a "colorable" showing of jurisdiction, the court grants plaintiffs' request for jurisdictional discovery as to Sertus LLC. *Cent. States,* 230 F.3d at 946.

For the reasons set forth above, the motion of defendant Sertus LLC to dismiss this case for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2) (DE # 38) is **DENIED** without prejudice and with leave to re-file. The deadline for the completion of jurisdictional discovery is **December 28, 2023**. Any additional Rule 12(b)(2) motion must be filed by **January 28, 2024**. Any issues related to the extension of these deadlines or the scope of jurisdictional discovery shall be filed in the form of a motion to be considered by Magistrate Judge John E. Martin in accordance with 28 U.S.C. § 636(b)(1)(A).

                        **SO ORDERED.**

Date: September 28, 2023

                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT